(No. 1150—Claimant awarded $3,006.97.)

ILLINOIS TRACTION, INC., A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1927.*

ILLINOIS & MICHIGAN CANAL—*State not liable for damage caused by overflow.* The State is not liable for damages caused by overflow of water from the Illinois & Michigan Canal.

EQUITY AND GOOD CONSCIENCE—*award may be made.* Although no legal liability exists against the State, an award may be made in favor of claimant for the amount of its claim.

LEE O'NEIL BROWNE, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed by claimant, alleges that it is a corporation organized and doing business under the laws of the State of Illinois; that the defendant, the State of Illinois, on to-wit:—September 23, 1926, and for a long number of years prior thereto was the owner and in control, possession and operation of a certain waterway or canal known as the Illinois and Michigan canal, which extended from the city of Joliet on the east to the city of LaSalle on the west, and extended in a general easterly and westerly direction through sections 9 and 16 and 17, in township 33, north, range 3, east of the 3rd P. M., in LaSalle county, Illinois; that said claimant was on said day and for along time prior thereto, engaged in operating an interurban electric railway company extending from the city of Princeton, in Bureau county, Illinois to

the city of Joliet in Will county, Illinois, which said railway extended through said LaSalle county; that said claimant was the owner and in possession of a certain right of way with certain ties, rails, poles and other equipment incident to the operation of an electrically operated interurban railway company, which right of way and equipment was located through said sections 9, 16 and 17, township and range aforesaid, said sections being south of and parallel to the said canal or waterway known as the Illinois and Michigan canal; that it became and was the duty of said defendant in its ownership, control and maintenance of said waterway or canal, to build, keep and maintain the sides or embankments of said waterway or canal in reasonably good condition and repair; that defendant, wholly regardless of its duty in the premises, failed and neglected to build, keep and maintain said sides or embankments of said waterway or canal in reasonable repair and condition to retain and hold water flowing through said canal or waterway, but on the contrary permitted and caused, through its negligence, the said sides or embankments to become weakened and out of repair, so that they could not reasonably hold or retain the water in said waterway or canal; that by reason of the said negligence of said defendant, said south side or embankment of said waterway or canal in said section 9 was broken open and washed away by the water in said waterway or canal, and large and unusual quantities of water were precipitated upon and permitted to flow upon, at great speed and velocity, the right of way of said claimant so located in said section sixteen; that as a result of the negligence of said defendant, said right of way of complainant and said tracks, ties, rails, poles, and other equipment were washed away, destroyed and made worthless, and the business suspended and interrupted; that claimant has expended the sum of $2,318.42 in making necessary repairs and restoring said right of way and property; that the loss in operating revenue amounted to the sum of $688.55, and claimant asks damages in the sum of $5,000.00.

The demurrer filed by the State of Illinois, by the Attorney General, is sustained as a matter of law.

While there is no legal liability on the part of the State of Illinois, to reimburse claimant on account of the losses sustained by it as aforesaid, in equity and good conscience we award claimant the sum of $3,006.97.